91 F.3d 165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nolan A. BOOTY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7012.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Nolan A. Booty's appeal for lack of jurisdiction. The court accepts Booty's untimely opposition.
 
 
 2
 In 1991, the regional office granted Booty's claim for service connection for post-traumatic stress disorder and bipolar disorder, effective from March 22, 1990. Booty filed a Notice of Disagreement with respect to the assigned effective date. The Board of Veterans Appeals determined that an effective date earlier than March 22, 1990 was not warranted on the ground that Booty's claim had not been received within one year after separation from service. See 38 C.F.R. § 3.400 (if claim is not received within one year after separation from service, effective date of service connection is the date of receipt of the claim, or date entitlement arose, whichever is later). The Court of Veterans Appeals summarily affirmed the Board's decision. Booty appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, Booty contends that the Court of Veterans Appeals erred in its application of the law concerning the effective date of service connection when a claim is not received within one year after separation from service. Booty also argues that he should have been diagnosed with post-traumatic stress disorder in 1975 and that he should not be penalized for the Department of Veterans Affairs' inability to diagnose his case correctly. In essence, Booty is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.